Tompkins, J.,
delivered the opinion of the Court
Collier states in his hill that sometime in August, 1820, Easton obtained a judgment in his own name in the Circuit Court of Lincoln county, against one Prospect If. Robhins, in an action of debt on a note of said Robbins to said Easton, which note was for §1731 86, that sum being the amount of the debt, and the damages amounted to §58 44 as nearly as the complainant can recollect; that the process in this suit was a capias, and that Ira and Almond Cottle became the hail of Robhins ; that on or about the 8th August, 1820, said hail came into the Circuit Court of Lincoln county, and surrendered Robbins in discharge of themselves; that on the same day the complainant and one Joshua N. Robhins appeared in Court and acknowledged themselves bail for said Prospect If. Robbins; that the complainant being made liable as bail, Easton instituted suit against him and recovered judgment and made the money by execution. The complainant further states that on 10th April, 1820 said Easton commenced another suit against said Prospect IC. Robbins on another note for the same amount as the former; that the form of the last was like the former, debt, and the process also a capias; that afterwards on 7th August, Robbins, the defendant, the process in the cause not being served, came into the said Circuit Court of Lincoln county and consented that judgment should he entered up against him for the debt and damages, the last amounting to forty-one dollars and twelve cents ; that Easton failing to make the money on judgment against Robbins, commenced another suit on the same recognizance against the complainant and Joshua N. Robhins in the Circuit Court of St. Charles county, pretending that it was a recognizance entered into by the complainant and said Joshua N. Robbins, as bail in the second suit above mentioned; and the complainant then avers, that he did not become bail for said Prospect If. Robbins in the second suit instituted against him by Easton; the complainant further states that he pleaded to said suit, that there was no record of such recognizance, and that issue was taken on that plea; that on the trial of this issue, Easton produced in evidence a transcript of the record of a judgment rendered in Lincoln county against said Prospect If. Robbins on the note secondly above mentioned, in which transcript was embodied the transcript of the recognizance entered into by the complainant in the first action against Robbins *269 above mentioned; that on this evidence the Circuit Court of St. Louis county, to which the cause had been removed, entered up judgment against him for the sum of $2540 55, debt and damages, as well as the costs, and that the money had been paid by him to the Sheriff on execution, who has paid the same over to William Russell, assignee of said Easton. The complainant then charges that either the Clerk of the Circuit Court of Lincoln county must, by mistake orf.aud, have copied the said recognizance into this transcript: or that Eastun having obtained several transcripts of the record in both cases against said Robbins, or parts thereof, has put them together and in that manner made up the transcript of the record so shown in evidence as aforesaid. He then charges that Easton had knowledge of the mistake or fraud of the Clerk in making out the record; and that Russell received the money as trustee of Easton, and concludes by praying that Easton and Russell may answer; and for relief. To this bill Easton files three pleas.
First. Tnat he had before sued the complainant at law on the said recognizance and had judgment against him in said suit.
Second. That he sued complainant on said recog lizance and that the complainant pleaded mil liel record, on which an issue being made up, a trial was had, and the Court found there was such record 5 and concludes by averring that he did not by procuring several records and putting together parts thereofj make up the record given in evidence as in the bill stated, and that he had no knowledge of any fraud, mistake or misconduct of the Clerk of the Circuit Court of Lincoln county in making out the transcript as alledged in the bill of complaint.
Third. That there is such a record ot recognizance in Lincoln Circuit Court as is averred in the declaration.
When this cause came before this Court on another occasion, it was on demurrer to the bill for relief, and the Court then decided that the former recovery pleaded in bar in the first and second pleas could not avail Easton. See the opinion delivered at April term, 1829. Russell pleads the same as Easton, and denies all fraud or collusion. As to so much of the second plea as denies that he did make the record sued on, by putting together several parts of the record of the two causes as suggested in the bill; this is precisely what the defendant, by the former decision of this Couit, was required to swear to. By the same decision he was required to state on oath what is contained in the third plea. These three pleas are then bad in the opinion of this Court. The Circuit Court then, we think, committed no error in overruling these jileas.
But that Court ordered that the bill be answered, or the same should be taken as confessed against them. The defendants had, at the time they filed their pleas, filed answers to the bill. The 12th section of the act to regulate proceedings in Chancery requires that when the defendants’ pleas shall be overruled or found against him, he shall answer the bill immediately, or in default thereof, such part as shall be unanswered shall be taken as confessed.' The 20th section lequires, that where no replication is 'filed as in this case, the cause shall be set for hearing on bill and answer. It is the opinion of this Court that the Circuit Couit erred in taking the bill for confessed and entering up judgment. The course should have' been to take the bill for confessed, as to so much as was unanswered, and to set the cause for hearing on so much of the bill as had been answered, and on the answer. The decree of the Circuit Court is therefore reversed, and the cause remanded for proceedings in conformity with this opinion.